NOT DESIGNATED FOR PUBLICATION

No. 128,769

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PHILIPPE JEAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Gray District Court; ANTHONY BAYER, magistrate judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

*Brandon G. Kinney*, of Kinney and Associates, LLC, of Kansas City, Missouri, for appellant.

*Michael Giardine*, county attorney, for appellee.


Before CLINE, P.J., COBLE and PICKERING, JJ.


CLINE, J.: Philippe Jean challenges his conviction for speeding, claiming the district court erred when admitting evidence from the radar gun used to check his speed. Upon review, we find substantial competent evidence supports the district court's decision that an adequate evidentiary foundation was laid for the admission of the radar evidence and therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Gray County Deputy Aaron Deimund issued a speeding ticket to Jean for traveling 43 miles per hour when the posted speed limit was 30 miles per hour. Jean challenged his ticket at a bench trial where Deimund was the only witness. Deimund explained how he observed Jean driving at a high speed, which he estimated was 42 miles per hour based on his training. He then confirmed Jean's speed was 43 miles per hour with a radar gun. He testified that the posted speed limit was 30 miles per hour. Deimund confirmed he tested the radar gun before and after his shift, employing both a self-test function on the gun and tuning forks. He reported there were no malfunctions of the gun during these tests. He also testified that he was trained to use the radar gun and completed another class "just this last year" to operate the gun.

Jean objected to Deputy Deimund's testimony about the radar gun, claiming the State had not provided an adequate foundation for its accuracy. Jean was allowed a voir dire examination of Deimund on this issue, during which Jean asked questions about the radar gun. Deimund testified that a representative from the radar gun's manufacturer annually tests all the county's radar guns. During this testing, the representative asks law enforcement if they have had any issues with the guns and conducts physical tests on the guns. Deimund said he was present during these tests and answered the representative's questions. He also said the guns' certifications were kept at the sheriff's office. He confirmed the radar gun he used on Jean was calibrated in the last year through this process but admitted he did not have a copy of the certification for that gun with him at trial.

After this examination, Jean renewed his foundation objection to the radar gun evidence because the State did not have the certification record for that gun at trial. The State responded that Deputy Deimund's testimony about testing the gun and the county's process for certifying its guns provided adequate foundation. The district court overruled

Jean's objection and admitted the evidence. Ultimately, the court found Jean guilty of speeding in violation of K.S.A. 8-1558.

REVIEW OF JEAN'S APPELLATE CHALLENGE

On appeal, Jean claims the district court erred in relying on radar evidence because the State did not provide "credible evidence of a certificate or testimony of the technician conducting the calibration" of the radar gun. While Jean tries to recast his challenge as a sufficiency argument, really, he is challenging the district court's finding that the State provided adequate foundation for admission of the radar evidence because he claims that evidence should have been excluded.

*Standard of Review*

The Kansas Supreme Court has said that the "'proponent of a particular kind of evidence, whether it be a physical object or the testimony of a witness, is required to lay a foundation before it may be admitted into evidence.' 3 Barbara, Kansas Law and Practice, Lawyers Guide to Kansas Evidence, § 1.9, p. 28 (5th ed. 2013)." *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015); see also *State v. Banks*, 306 Kan. 854, 865, 397 P.3d 1195 (2017) (quoting *Wiles* in criminal context). Proper admission of radar evidence requires the State to show the following foundation: (1) The radar was functioning properly; (2) the operator tested the radar in accordance with accepted procedures; and (3) the operator was qualified by training and experience to use the radar. *State v. Primm*, 4 Kan. App. 2d 314, 315-16, 606 P.2d 112 (1980).

Whether an adequate evidentiary foundation was laid is a question of fact for the district court and largely rests in its discretion. So long as there is substantial competent evidence to support the finding, it will not be disturbed on appeal. *Wiles*, 302 Kan. at 73. Substantial competent evidence "is defined as legal and relevant evidence that a

reasonable person might regard as sufficient to support a conclusion." *State v. Rinke*, 313 Kan. 888, 892, 491 P.3d 1260 (2021).

*The district court did not abuse its discretion in admitting the radar evidence.*

Jean claims the State failed to satisfy the second prong of the *Primm* foundation test. Jean contends it did not provide either the technician's testimony that the technician checked Deputy Deimund's radar gun for proper calibration or a certificate from the company that verified its calibration of the deputy's radar gun. But Jean sets the foundational bar too high. Deputy Deimund explained how he verified whether the radar gun was functioning properly before and after the shift. And the deputy explained he was trained on how to use the gun both in field-officer training and a recent class. He also testified how the Gray County Sheriff Office's policy and procedure was to test the calibration of the radar equipment once a year by a technician either from or certified by the manufacturer. Last, the deputy confirmed the radar gun he used on Jean was calibrated in the last year through this process.

While the calibration certificate for Deputy Deimund's radar gun would be the best evidence that the gun was calibrated, it is not the only evidence. Deimund's testimony about the testing and existence of the certificate and the county's processes for testing its radar guns (which he was personally present for) is sufficient for foundational purposes. We find Jean's argument relates more to the weight of the evidence—that is, its persuasiveness—rather than its admissibility.

Our court has previously rejected claims that the person who certified the radar gun must testify to establish foundation for the admission of the radar evidence. In *State v. Ibrahim*, No. 127,186, 2025 WL 399379, at *2 (Kan. App. 2025) (unpublished opinion), we found a trooper's testimony that "he tested the radar device before and after his shift by using the tuning forks, that the radar device was functioning properly, and

4

that he had received certification to use the radar and relied on his training when so doing" was substantial competent evidence to support the district court's decision finding adequate evidentiary foundation for the admission of radar evidence. Similarly, in *State v. Bahney*, No. 126,055, 2024 WL 657925, at *3 (Kan. App. 2024) (unpublished opinion), we found proper foundation of radar evidence when a trooper tested the radar before and after his shift, it was working properly that day, and he was certified to use the equipment. And in *State v. Ray*, No. 126,634, 2025 WL 734055 (Kan. App. 2025) (unpublished opinion), we found sufficient foundation to admit radar evidence.

> "The district court had heard [the trooper's] unchallenged testimony that he had tested the radar before and after his shift by using the tuning forks, that he had performed the radar's internal calibration test at the beginning of his shift, that the radar was functioning properly, that he was certified to use the radar, and that he relied on his training when finding [the appellant] was going 81 mph." 2025 WL 734055, at *4.

Deputy Deimund provided similar testimony here, which laid the proper foundation for the radar evidence.

Next, like in *Ray*, Jean asks us to adopt or apply certification standards for radar equipment and its operators which have been adopted in Washington and Pennsylvania. 2025 WL 734055, at *5. But since Kansas has adopted no such standards, and he cites no authority showing they apply here, we do not find his argument persuasive. As we explained in *Ray*, "'[c]ourts do not write legislation. That is the function of the legislature.'" 2025 WL 734055, at *5 (citing *State v. One Bally Coney Island No. 21011 Gaming Table*, 174 Kan. 757, 761, 258 P.2d 225 [1953]); see also *State v. Spencer Gifts*, 304 Kan. 755, Syl. ¶ 4, 374 P.3d 680 (2016) ("'Questions of public policy are for legislative and not judicial determination, and where the legislature declares a policy, and there is no constitutional impediment, the question of the wisdom, justice, or expediency of the legislation is for that body and not for the courts.'"). Nor has he established that

Deputy Deimund's testimony was insufficient to establish that Gray County's rules and procedures were followed in testing and calibrating his radar gun.

Jean also asserts a constitutional argument for the first time on appeal by claiming that he "had the right to confront the expert witness in Court to make inquiry regarding the calibration of the equipment," and he had the right to inspect the certificate to determine what testing and standards were used. But appellate courts generally do not hear constitutional arguments first raised on appeal. And Jean provides no legal authority for these arguments or any explanation for why we should consider these unpreserved arguments. See *State v. Swint*, 302 Kan. 326, Syl. ¶ 3, 352 P.3d 1014 (2015).

Last, Jean tries to attack Deputy Deimund's credibility by contending "the Court simply [took] the word of the Deputy because he wears a uniform and attests that his equipment is accurate." But this conclusory statement does not explain why Deputy Deimund's testimony was insufficient or inaccurate. Nor can we reweigh the evidence when reviewing the sufficiency of the evidence. *State v. Anderson*, 318 Kan. 425, 441, 543 P.3d 1120 (2024).

In sum, we find the State satisfied the *Primm* requirement through Deputy Deimund's testimony that he was personally present at the time of the calibration certification and about Gray County's protocol that its radar guns be certified annually. See 4 Kan. App. 2d at 316. His testimony provided substantial competent evidence to support the district court's decision that an adequate evidentiary foundation was laid for the admission of the radar evidence. We therefore find the court did not err in admitting that evidence.

Affirmed.